UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEITH M. ERICSON,
    Petitioner,

v.    Civil Action No. 20-11688-RGS

LISA MITCHELL,
    Respondent.

REPORT AND RECOMMENDATION TO DISMISS UNAUTHORIZED SECOND OR SUCCESSIVE 28 U.S.C. § 2254 PETITION FOR A WRIT OF HABEAS CORPUS (#1).

Kelley, U.S.M.J.

Keith M. Ericson ("Ericson") petitions for a writ of habeas corpus (#1) under to 28 U.S.C. § 2254 ("the Petition"). The Local Rules of the First Circuit provide that where, as here, the district court is presented with "a second or successive § 2254 . . . petition . . . filed . . . without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition." First Circuit Rule 22.1(e); *see* Rule 9 of the Rules Governing 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2254(b)(3) and (4)"); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [Section 2254 petition] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The undersigned recommends that the Petition be dismissed because it is not in the interest of justice to transfer this unauthorized second or successive petition under 28 U.S.C. § 1631.

1

Ericson previously brought a Section 2254 petition (the "First Petition") in *Ericson v. Mitchell*, 15-13677-FDS, (*Ericson I*). The First Petition was dismissed on an unopposed motion for failure to prosecute the action. *Ericson 1,* Motion to Dismiss for Lack of Prosecution (#32), April 14, 2017 Electronic Order (#39) and April 18, 2017 Order of Dismissal (#40). The court in *Ericson I* wrote:

> On June 1, 2016, this Court ordered petitioner Ericson to file by July 13, 2016, a more definite petition that adhered to the standard form required by Rule 2(c) of the Habeas Rules. On July 11, 2016, Ericson moved for a stay of the proceedings, which the Court treated as a request for an extension of time and ordered him to file a more definite petition by August 12, 2016. On August 11, 2016, petitioner filed another motion for a temporary stay, followed by another motion for a stay filed on September 21, 2016. On October 17, 2016, respondent moved to dismiss the petition for lack of prosecution and failure to comply with the Court's June 1 order. On November 28, 2016, the Court denied both motions to stay and ordered petitioner to file a response to the motion to dismiss on or before December 29, 2016. The Court expressly warned petitioner that if he failed to do so, the petition may be denied for failure to prosecute. On December 19, 2016, petitioner moved for an extension of time in which to respond. The Court granted that request and ordered that he file a response by January 13, 2017. Petitioner has filed no further response or taken any other action to prosecute this case.
>
> Accordingly, because petitioner failed to comply with the Court's order of June 1, 2016, to file a more definite petition; because he has failed to respond to the October 17, 2016, motion to dismiss; because he has otherwise failed to prosecute this matter; and because it appears, as best the Court can ascertain, that the petition is without merit, respondent's motion to dismiss (Docket #32) is GRANTED.

April 14, 2017 Electronic Order (#39). Ericson did not appeal the dismissal of the First Petition.

The Petition in this case is unauthorized; Ericson has provided no evidence of having received permission from the First Circuit to bring this Petition. It is also a second or successive petition because the First Petition in *Ericson I* was dismissed for failure to prosecute, which operates as an adjudication on the merits pursuant to Fed. R. Civ. P. 41(b). "The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for

failure to prosecute: as a judgment on the merits." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) (citations omitted); *see also Brown v. Lewis,* No. CV 0:20-2035-CMC-PJG, 2020 WL 4289513, at *1 (D.S.C. June 23, 2020), *report and recommendation adopted,* No. CV 0:20-2035-CMC, 2020 WL 4288371 (D.S.C. July 27, 2020) (recommending summary dismissal of unauthorized second or successive petition where first dismissed for failure to prosecute on the merits); *Magee v. Kent*, No. CV 19-9487, 2019 WL 5430593, at *1 (E.D. La. Sept. 5, 2019), *report and recommendation adopted*, No. CV 19-9487, 2019 WL 5425482 (E.D. La. Oct. 23, 2019) (recommending transferring unauthorized second or successive petition where original petition dismissed for failure to prosecute); *Johnson v. McFadden*, No. 5:17 CV 01026JMC-KDW, 2017 WL 2389957, at *1 (D.S.C. May 10, 2017), *report and recommendation adopted*, No. 5:17-CV-01026-JMC, 2017 WL 2377689 (D.S.C. June 1, 2017) (recommending summary dismissal of second or successive petition where first petition dismissed for failure to prosecute).  In these circumstances, the court has no jurisdiction to entertain the Petition.

The question remaining is whether to transfer the action or dismiss it.  "Section 1631 provides that if a civil action is filed in a court and 'that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed[.]'" *James v. Goguen*, No. 1:18-CV-11960-TSH, 2019 WL 6130669, at *7 (D. Mass. Sept. 30, 2019), *report and recommendation adopted,* No. 4:18-CV-11960, 2019 WL 6130672 (D. Mass. Oct. 24, 2019), *certificate of appealability denied,* 424 F. Supp.3d 154 (D. Mass. 2019) (quoting 28 U.S.C. § 1631). It is not in the interest of justice to transfer the Petition to the First Circuit because any request to bring a second or successive petition appears futile.

3

The Supreme Court recently held that an application for a second or successive petition faces a tough hurdle:

> [A] state prisoner always gets one chance to bring a federal habeas challenge to his conviction. See *Magwood v. Patterson*, 561 U.S. 320, 333–334, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010). But after that, the road gets rockier. To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a "prima facie showing" that his petition satisfies the statute's gatekeeping requirements. 28 U.S.C. § 2244(b)(3)(C). Under those provisions, which bind the district court even when leave is given, a prisoner may not reassert any claims "presented in a prior application." § 2244(b)(1). And he may bring a new claim only if it falls within one of two narrow categories - roughly speaking, if it relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence. *See* § 2244(b)(2).

*Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020). Here, it appears that all of the grounds set forth in the Petition were presented in the First Petition. Ground Two of the Petition (warrantless search), Pet. 7, is similar to a ground in the purported Amended Petition (*Ericson I*, #23) and First Petition exhibits (*Ericson I*, First Pet. 7, Ex. 1, pp. 115, 124, 129-131). Ground Three of the Petition (posing of child nude), Pet. 8-9, and Ground Two of the First Petition (*Ericson I*, First Pet. 7-10), are substantially the same. Grounds Two and Three appear barred by 28 U.S.C. §2244(b)(1) and may not be brought again in a second or successive petition.

Grounds One and Four of the Petition appear to have been "presented" in the 172 pages of exhibits attached to the First Petition. Ground One of the Petition (disparity in sentence by the trial judge), Pet. 5, is essentially identical to a ground in the exhibits to the First Petition noted as "Ground Four" (First Pet., Ex. 1, pp. 65-66). Likewise, Ground Four (addressing issue concerning motion not addressed until after trial), Pet. 10, is indistinguishable from an identified ground in the First Petition's exhibits (First Pet., Ex. 1, p. 51, 107-108). Arguably, Grounds One and Four are barred by 28 U.S.C. § 2244(b)(1) and may not be brought again in a second or successive petition.

Even if the claims are not barred by 28 U.S.C. § 2244(b)(1), Ericson is highly unlikely to meet the requirements to bring a second or successive petition where he has not shown that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," 28 U.S.C. § 2244(b)(2)(B)(i).

Finally, the Petition appears time-barred under 28 U.S.C. § 2244(d)(1), although the court is without sufficient information to recommend dismissal of the Petition on this ground.  Under § 2244, a one-year statute of limitations begins to run from the latest of the judgment becoming final, the date on which an impediment to filing an application created by State action is removed, the date on which a constitutional right is initially recognized by the Supreme Court, if newly recognized by the Supreme Court and retroactive, or the date on which the factual predicate could have been discovered. 28 U.S.C. § 2244(d)(1)(A)-(D).  Here, Ericson's conviction became final 90 days after the Supreme Judicial Court's July 30, 2014, denial of further appellate review. *Jimenez* v. *Quarterman*, 555 U.S. 113, 119 (2009)("the finality of a state-court judgment is expressly defined by statute as 'the conclusion of direct review or the expiration of the time for seeking such review.'" (quoting 28 U.S.C. § 2244(d)(1)(A))); *Com. v. Ericson*, 85 Mass. App. Ct. 326 (2014), *further appellate review denied*, 469 Mass. 1103 (July 30, 2014). None of the other statutory exceptions appear to apply.

Ericson claims that he is seeking habeas relief on the denial of his motion for a new trial less than a year ago. Pet. 13. That may be true, but where the one-year limitations period of § 2244(d) has apparently expired, the denial of a subsequently filed motion for a new trial in July 2020 does not give rise to a new one-year period of limitations for seeking review. *Duffy v.*

5

*Goguen*, 351 F.Supp.3d 193, 195-96 (D. Mass. 2019) (Hillman, J.) ("Petitioner cannot rely on the tolling provision in Section 2244(d)(2) because the statute of limitations expired **before he filed his motion for a new trial**.") (emphasis supplied).  Although it is not entirely clear when Ericson's motion for new trial was filed, it appears it was brought well after the statute of limitations under 28 U.S.C. 2244(d)(1) had expired, as there is no reference to it in the filings made in the First Petition.  Indeed, the Commonwealth noted in a motion in *Ericson I* that at least as of October 17, 2016, Ericson had "not indicated that he [had] initiated post-conviction proceedings in state court, and to the extent that he intends to do so, any such motions for post-conviction relief would be tantamount to a fishing expedition. . . . . [and] it does not appear that Ericson has sought additional post-conviction relief in state court since his conviction became final in the latter part of 2014." *Ericson I,* Mot. (#33) at p. 3. On December 19, 2016, Ericson filed a motion in *Ericson I,* indicating that he was "in the process of filing a motion for a new trial."  *Ericson I,* Mot. (#36) at 1.

The court makes no recommendation regarding the statute of limitations issue, as there may be equitable tolling considerations not identified or apparent here.  *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005) (citing *Delaney v. Matesanz,* 264 F.3d 7, 14 (1st Cir.2001)). Nevertheless, the limited information before the court is sufficient to recommend the denial of a transfer of what ultimately appears to be an untimely, as well as unauthorized, second or successive Petition. *See Rankins v. O'Brien*, No. CV 15-12890-RGS, 2016 WL 4487897, at *5 (D. Mass. Aug. 11, 2016), *report and recommendation adopted sub nom. Rankins v. Ryan*, No. CV 15-12890-RGS, 2016 WL 4487833 (D. Mass. Aug. 24, 2016).

For the above reasons, I RECOMMEND that: (1) the Petition (#1) be DISMISSED pursuant to Rule 9 of the Rules Governing 2254 Cases and 28 U.S.C. §2244(3)(A); (2) a certificate of appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in

the United States District Courts and 28 U.S.C. 2254(c)(2) because there is no substantial showing of the denial of a constitutional right; and (3) a separate order of dismissal enter in this action.

## REVIEW BY THE DISTRICT JUDGE

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/M. Page Kelley
M. Page Kelley
Chief United States Magistrate Judge

November 2, 2020